**Original filed 9/27/06**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONRELL DONAVAN MURPHY,<br><br>         Plaintiff,<br><br>   vs.<br><br>ROY PEREZ,<br><br>         Defendant. | No. C 03-3379 JF (PR)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; FURTHER SCHEDULING ORDER<br><br>(Docket No. 23) |

Plaintiff, an inmate at Salinas Valley State Prison, filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and the California Tort Claims Act against Officer Roy Perez concerning an altercation at Salinas Valley State Prison ("SVSP") on November 19, 2002. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. The Court initially dismissed three of Plaintiff's claims because they were not cognizable under §1983. The Court ordered service of the remaining claim of excessive force on the Defendant and directed Defendant to file a motion for summary judgment or other dispositive motion, or notify the Court that Defendant is of the opinion that this case cannot be resolved by such a motion. On April 24, 2006, Defendant filed a notice stating that he will not file a dispositive motion. Plaintiff filed a motion for

1 summary judgment, Defendant filed an opposition and Plaintiff filed a reply. Based upon
2 the papers submitted, the Court concludes that there are triable issues of fact as to whether
3 Defendant subjected Plaintiff to excessive force or was acting in a good faith effort to
4 restore order and discipline and will DENY the motion. The Court will order the parties
5 to submit status conference statements, as set forth below, within thirty days of the date of
6 this order.

## BACKGROUND

Plaintiff's Version

Plaintiff alleges that he was subjected to unnecessary and excessive force by Defendant Perez on November 19, 2002. Plaintiff and his cell mate were escorted by Defendant and Correctional Officer Lopez to the "mini yard" for program. Plaintiff and his cell mate were first handcuffed behind their backs for the escort.  As Defendant was escorting Plaintiff, he took hold of Plaintiff's left elbow. Defendant suddenly tightened his grip of Plaintiff's elbow, and shook his arm. When Plaintiff turned to look at Defendant, Defendant allegedly said "You think you hard, I'll slam your black ass like I did your homeboy." Plaintiff replied that he was not going to do shit. Defendant suddenly slammed Plaintiff forcefully against the staff bathroom door, placing Defendant's forearm on the back of Plaintiff's neck. Plaintiff was then placed in the building rotunda holding cage. While Plaintiff was in the holding cell, Defendant approached him and said, "You thought I was playing with your monkey ass." Plaintiff told Defendant that he would not get away with beating Plaintiff. Defendant told Plaintiff that he was going to write him up for resisting his escort. See Complaint, attached Affidavit of Plaintiff, at 1-2.

Plaintiff received medical treatment for a swollen eye, loose tooth, and back and neck spasms. A video taped interview of Plaintiff was taken. Defendant wrote a rule violation report against Plaintiff and Plaintiff was later found not guilty after a disciplinary hearing. Id.

\\\

Defendant's Version

Defendant and Officer T. Lopez were escorting Plaintiff from D2 "B" Section to the D2 Mini Yard. While walking through the rotunda area, Plaintiff tried to pull away from Defendant's control and stated, "Let me fucken go mother fucker!" Defendant maintained control with his right hand on Plaintiff's left elbow forearm area and placed him on the bathroom door. Defendant gave Plaintiff a direct order to stop pulling away, which Plaintiff complied with. Defendant and Officer Lopez placed Plaintiff in a holding cell without further incident. See Decl. of J.G. Perkell In Support of Def's. Opp., Attachment (Rules Violation Report, R. Perez) at 1.

## DISCUSSION

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof at trial the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case." Id. at 325.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its' own affidavits or discovery, "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only

concerned with disputes over material facts and "factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine issue of triable fact. Keenan v. Allen, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party has the burden of identifying, with reasonable particularity, the evidence that precludes summary judgment. Id. If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law." Celotex Corp v. Catrett, 477 U.S. at 323.

B.   The Merits

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitley v. Albers, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton. See Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal citation omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7.

As evident in the "Background" section above, the parties' versions of the

1  November 19, 2002 incident differ markedly. If believed, Defendant's description of
2  maintaining control of Plaintiff while Plaintiff tried to resist and pull away would support
3  a conclusion that the force used was not excessive. If believed, however, Plaintiff's
4  version of being slammed into the bathroom door while handcuffed behind his back,
5  while he was not resisting, would lead to a conclusion that the force used was excessive.

6        In his opposition, Defendant points out that the extent of Plaintiff's injuries were
7  minimal. See Def.'s Opp. at 3. While the extent of injury suffered by an inmate is one of
8  the factors to be considered in determining whether the use of force is wanton and
9  unnecessary, the absence of serious injury does not end the Eighth Amendment inquiry.
10 Hudson, 503 U.S. at 7. Whether the alleged wrongdoing is objectively "harmful enough"
11 to establish a constitutional violation is contextual and responsive to contemporary
12 standards of decency. Hudson, 503 U.S. at 8 (citing Estelle v. Gamble, 429 U.S. 97, 103
13 (1976)). Such standards are always violated when prison officials maliciously and
14 sadistically use force to cause harm whether or not significant injury is evident. Id.; see
15 also Schwenk v. Hartford, 204 F.3d 1187, 1196 (9th Cir. 2000) (no lasting injury required
16 for sexual assault because sexual assault was deeply offensive to human dignity); Felix v.
17 McCarthy, 939 F.2d 699, 701-02 (9th Cir. 1991) (it is not degree of injury which makes
18 out violation of Eighth Amendment but use of official force or authority that is
19 intentional, unjustified, brutal and offensive to human dignity). There is a split in the
20 circuits on whether a prisoner must prove that he suffered more than a de minimis injury
21 in order to prevail on an excessive force claim. Although the Ninth Circuit has not
22 addressed the issue, it has strongly suggested that a prisoner need only prove that the use
23 of physical force was more than de minimis. See Oliver v. Keller, 289 F.3d 623, 628 (9th
24 Cir. 2002) (clarifying that in embracing physical injury standard under 28 U.S.C. §
25 1997e(e) adopted by several circuits, Ninth Circuit does not subscribe to reasoning of
26 some of those circuits that Eighth Amendment claims require that "the injury must be
27 more than de minimis;" standard used for Eighth Amendment excessive force claims only
28 examines whether the use of physical force is more than de minimis).

1  Summary judgment is not the place for credibility determinations. Because a trier
2  of fact could believe Defendant's version of the relevant events, Plaintiff cannot establish
3  his entitlement to summary judgment at this time.  The Court cannot grant judgment in
4  Plaintiff's favor without accepting Plaintiff's version and disbelieving Defendant's
5  version of the events that transpired.  A trier of fact must hear both versions and decide
6  whom to believe.  Based upon the foregoing discussion, the Court concludes that Plaintiff
7  is not entitled to summary judgment on his excessive force claim.

## ORDER

Based upon the foregoing discussion, the Court concludes that Plaintiff's excessive force claim cannot be adjudicated on summary judgment.  Accordingly, Plaintiff's motion for summary judgment (docket no. 23) is DENIED.

In order to move this case toward resolution, the parties shall submit status conference statements indicating what discovery remains to be done, the amount of time needed for discovery, whether any further motions will be filed, and when they will be ready for trial.  The status conference statements need not be jointly prepared.  The status conference statements are due no later than **thirty days** from the date of this order.

IT IS SO ORDERED.

DATED: 9/26/06

/s/jeremy fogel
JEREMY FOGEL
United States District Judge

1  A copy of this ruling was mailed to the following:

2

3  Monrell Donavan Murphy
   P-24634
4  Calipatria State Prison
   P.O. Box 5006
5  Calipatria, CA  92233

6

7  Jennifer Perkell
   CA State Attorney General's Office
   455 Golden Gate Ave.,
8  Suite 11000
   San Francisco, CA 94102-7004
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying Plaintiff's Motion for Summary Judgment; Further Scheduling Order
P:\pro-se\sj.jf\cr.03\Murphy379msj                 7